United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, | No. C 12-02416 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING *EX PARTE* MOTION FOR EXPEDITED DISCOVERY** |
| JOHN DOE, | |
| Defendant. | |

Plaintiff AF Holdings LLC asserts claims of copyright infringement against an unidentified John Doe for downloading and distributing plaintiff's copyrighted video without permission. Plaintiff claims to have identified the Internet Protocol address for the unidentified Doe and seeks permission to take limited, expedited discovery in order to obtain the name and contact information of the Doe associated with that IP address.

Rule 26(d) allows a court to authorize early discovery before the Rule 26(f) conference where it is in the interests of justice. When the identity of defendant is not known before a complaint is filed, the plaintiff "should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Courts have examined whether (1) the Doe defendant is identified with sufficient specificity that the court can determine that the defendant is a real person who can be sued in

1 federal court, (2) plaintiff has taken steps to locate and identify the defendant, (3) the action can
2 withstand a motion to dismiss, and (4) the discovery is likely to lead to identifying the
3 information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D.
4 573, 579 (N.D. Cal. 1999) (Jensen, J.).

Plaintiff has shown good cause for limited, expedited discovery into the identify of Doe defendant. Plaintiff has alleged that it is the exclusive rights holder to the copyrighted video (Compl. ¶¶ 18–19, Exhs. A, B). Plaintiff has gathered evidence of the Doe's infringing activities (Hansmeier Decl. ¶¶ 16–27). There is evidence that Doe used an online peer-to-peer media distribution system, BitTorrent, to download plaintiff's copyrighted video and distribute plaintiff's copyrighted video to third parties (*Id.* ¶ 22). Plaintiff's agent downloaded the video file that Doe unlawfully distributed and confirmed that the file consisted of plaintiff's copyrighted video (*Id.* ¶ 25). All of this information was gathered by a technician using procedures designed to ensure that the information gathered about Doe was accurate (*Id.* ¶ 16).

Plaintiff has identified the ISP that provided Internet access to Doe as Comcast Cable Communications LLC (*Id.* ¶¶ 24, 28). When presented with the IP address, which originated from California, and the date and time of infringing activity, Comcast or a related ISP should be able to identify the name and address of Doe defendant because that information is contained in the ISP's subscriber activity log files (*Id.* ¶ 22). Comcast maintains its IP log for only 180 days (Dkt. No. 5, Exh. B). Therefore, there is a need to obtain the identify of Doe defendant before the IP log is deleted. Plaintiff's request for discovery of Doe's identity is not prejudicial because the request is narrowly tailored to basic contact information.

For the reasons stated, this order **GRANTS** the motion as follows:

1. Plaintiff immediately may serve Rule 45 subpoena(s) on the ISPs identified in its motion in order to obtain information to identify Doe defendant, including the name, address, telephone numbers, email addresses, and media access control addresses. Each subpoena shall have a copy of this Order attached.

2. Any information disclosed to the plaintiff in response to a Rule 45 subpoena may be used by the plaintiff solely for the purpose of protecting plaintiff's rights as set forth in its complaint.

3. Plaintiff and any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses which are not controlled by such entity, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the entity's internal costs to notify its customers.

4. Any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity.

5. Any entity subpoenaed pursuant to this order wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be 28 days from the date of service.

6. The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

**IT IS SO ORDERED.**

Dated: May 31, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3